1  ANDREA E. BATES, ESQ. SBN 192491
2  Abates@Bates-Bates.com
   KURT W. SCHUETTINGER, ESQ. SBN 295879
3  Kschuettinger@Bates-Bates.com
4  BATES & BATES, LLC
   1890 Marietta Blvd
5  Atlanta, Georgia 30318
6  Phone (404) 228-7439
   Fax     (404) 963-6231
7
8  Attorneys for
   Plaintiff GIBSON BRANDS, INC.
9

10                UNITED STATES DISTRICT COURT
                  CENTRAL DISTRICT OF CALIFORNIA
11

12 GIBSON BRANDS, INC., a Delaware  )  Case No.  16-cv-3063
   corporation,                      )
13                                    )
                  Plaintiff,          )  COMPLAINT FOR:
14                                    )  (1) Trademark Infringement;
   vs.                               )  (2) False Designation of Origin and
15                                    )  Unfair Competition Under the United
                                      )  States Trademark Act;
16                                    )  (3) False Description of Fact and
   GEORGE ANTHONY LEICHT, a          )  Representations and False Advertising
17 citizen of Maryland, d/b/a OKTOBER )  Under the United States Trademark Act;
   GUITARS,                          )  (4) Trademark Dilution Under the
18                                    )  United States Trademark Act;
                                      )  (5) Trade Dress Infringement Under
19                Defendant.          )  Federal Law;
                                      )  (6) Common Law Trademark
20                                    )  Infringement and Unfair Competition;
                                      )  (7) Unfair Competition; and
21                                    )  (8) Accounting
                                      )
22                                    )
                                      )  JURY TRIAL DEMANDED
23                                    )
                                      )
24                                    )
                                      )
25                                    )
                                      )
26

27                        **COMPLAINT**

28

---

1.     Plaintiff Gibson Brands, Inc. ("Gibson") for its Complaint against Defendant George Anthony Leicht, also known as Tony Leicht, d/b/a/ Oktober Guitars (hereinafter referred to as "Oktober" or "Defendant") alleges as follows:

**Nature of Action**

2.     This is an action for trademark infringement, trade dress infringement, unfair competition, trademark dilution, and other related causes of action under federal, state and common law arising from Defendant's unauthorized use of Gibson's: 1) ES Body Shape Design® (U.S. Reg. No. 2007277); 2) Flying V® word mark (U.S. Reg. No. 1216644); 3) Flying V Body Shape Design® (U.S. Reg. No. 2051790) and 4) Explorer Body Shape Design® (U.S. Reg. No 2053805) for use with string instruments (collectively "Gibson Trademarks").

**The Parties**

3.     Gibson is a Delaware Corporation with a principal place of business at 309 Plus Park Boulevard, Nashville, Tennessee 37217.

4.     Upon information and belief, Defendant is a citizen of Maryland with an address of 6460 Greenfield Rd., Apt. 210, Elkridge, Maryland 21075, where he can be served with process.  Upon information and belief, Defendant also has a UPS store mailing address of 6030 Marshalee Dr., #652, Elkridge, Maryland 21075, where he can be served with process.  Upon information and belief, Defendant is also known as Tony Leicht, as well as Anthony Leicht.  Upon information and belief, and according

to the Maryland Department of Assessments & Taxation, Oktober Guitars is a forfeited Maryland Corporation that had a principal place of business at 8147 Main Street, Ellicott City, Maryland 21043.

5.      Upon information and belief, Defendant is engaged in the promotion and sale of various products containing the Gibson Trademarks in the United States, including in this District, through its business, catalogs, distributors and websites at www.oktoberguitars.com and www.octoberguitars.com.

### Jurisdiction and Venue

6.      Original subject matter jurisdiction of this Court is based on 28 U.S.C. § 1331 (federal question) because Gibson's Lanham Act claims—Sections 39 and 43(a) and (c) of the United States Trademark Act of 1946 ("Lanham Act"), as amended (15 U.S.C. §1121 and 1125(a)(c))—arise under federal law, and this Court has original jurisdiction pursuant to 28 U.S.C. §1338(a) and (b) (Acts of Congress relating to trademarks and related actions).  This court has supplemental jurisdiction over Gibson's state law claims pursuant to 28 U.S.C. §1367 (Supplemental Jurisdiction), as well as the principles of pendent jurisdiction.

7.      Subject matter jurisdiction of this Court is also based on 28 U.S.C.§ 1332 (diversity jurisdiction) because complete diversity exists between the parties and the amount in controversy requirement is met:  Gibson is a citizen of Delaware and

Tennessee, and Defendant is a citizen of Maryland, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.      This action arises out of wrongful acts including: advertising, offering for sale, selling and distributing products by Defendant within this judicial district. This Court has personal jurisdiction over Defendant because Defendant has purposefully availed himself of the opportunity to conduct commercial activities in this forum, and this Complaint arises out of those activities.  Also, Defendant maintains continuous and systematic contacts with the forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.  Likewise, personal jurisdiction is proper under the California Long-Arm Statute, Code Civ. Proc., § 410.10, because the exercise of jurisdiction is not inconsistent with the Constitution of this state or of the United States. Venue is proper in this district under 28 U.S.C. §1391(b) and (c), as Defendant is subject to personal jurisdiction in this District and a substantial part of the events giving rise to these claims occurred in this District.

**Gibson's Use And Ownership Of The Gibson Trademarks**

9.      Plaintiff Gibson is engaged in the business of developing, manufacturing and selling musical instruments, including electric guitars, basses and mandolins under the famous GIBSON® trademark for over a century.

10.     Gibson guitars are sold worldwide.  Gibson's instruments have gained worldwide recognition and reputation, winning awards for their design.

11.     Gibson is the sole owner of the distinctive ES Body Shape Design®, U.S. Trademark Reg. No. 2007277 (hereinafter "ES Body Shape Design® Trademark"). This Trademark was issued by the U.S. Patent and Trademark Office on the supplemental registry on October 8, 1996, and has been continuously and exclusively used in commerce by Gibson since 1958.  A copy of the Trademark's registration is attached hereto as Exhibit "**A**."

12.     Gibson is the sole owner of the distinctive Flying V® word mark, U.S. Trademark Reg. No. 1216644 (hereinafter "Flying V® Trademark").  This Trademark was issued by the U.S. Patent and Trademark Office on November 16, 1982, and has been continuously and exclusively used in commerce by Gibson since 1958.  A copy of the Trademark's registration is attached hereto as Exhibit "**B**."

13.     Gibson is the sole owner of the distinctive Flying V Body Shape Design® Trademark, U.S. Trademark Reg. No. 2051790 (hereinafter "Flying V Body Design® Trademark").  This Trademark was issued by the U.S. Patent and Trademark Office on April 15, 1997, and has been continuously and exclusively used in commerce by Gibson since 1958.  A copy of the Trademark's registration is attached hereto as Exhibit "**C**."

14.     Gibson is the sole owner of the distinctive Explorer Body Shape Design®, U.S. Trademark Reg. No. 2053805 (hereinafter "Explorer Body Shape Design® Trademark").  This Trademark was issued by the U.S. Patent and Trademark Office on April 22, 1997, and has been continuously and exclusively used in commerce by Gibson since 1958.  A copy of the Trademark's registration is attached hereto as Exhibit "**D**."

15.     Gibson has spent millions of dollars in the advertising and promotion of the Gibson Trademarks, which have been used in conjunction with various Gibson stringed instruments.

16.     As a result of the quality of Gibson's products and the extensive sales, licensing, marketing, advertising, and promotion of these products under the Gibson Trademarks, the Gibson Trademarks has become a famous trademark that is widely and favorably known by consumers in the United States and elsewhere as designating high quality and dependable products originating exclusively from Gibson and its related companies.  The ES Body Shape Design® Trademark is a distinctive design owned exclusively by Gibson, achieving secondary meaning for over 45 years with Gibson spending millions of dollars on promotion of the Gibson Trademarks for over 50 years.  Consumers are exposed to the Gibson's ES Body Shape Design® Trademark through magazines, newspapers, television, and the Internet. As a result, Gibson's ES Body Shape Design® Trademark has become widely known and valuable trademark,

possessing a strong secondary meaning among consumers. Gibson's ES Body Shape Design® Trademark is valuable among consumer trademarks because it is constantly exposed to consumers.  As a result, the Gibson's ES Body Shape Design® Trademark has come to symbolize the enormous goodwill of Gibson's business in the United States, nationwide.  No other manufacturer lawfully uses the Gibson's ES Body Shape Design® Trademark or any other substantially similar mark for similar types of goods.

17.     The Gibson Trademarks have been famous in the United States and elsewhere since long prior to the acts complained of herein.  The Gibson Trademarks have been used exclusively nationwide and have been used exclusively by Gibson.

18.     The trademark registrations remain in full force and effect and are *prima facie* proof of Gibson's exclusive right to own and use the Flying V® Trademark, Flying V Body Design® Trademark, and Explorer Body Shape Design® Trademark. In addition, Flying V® Trademark, Flying V Body Design® Trademark, and Explorer Body Shape Design® Trademark are incontestable pursuant to Section 15 of the Lanham Act (15 U.S.C. § 1065).   Gibson has spent millions of dollars in its marketing and promotion of its products that exclusively bear Gibson Trademarks on its distinctive designs for over 50+ years.

## Defendant's Misuse Of The Gibson Trademarks

19.     Upon information and belief, Defendant offers for sale, sells and distributes products using the Gibson Trademarks ("Defendant's Unauthorized

Products") on its websites www.oktoberguitars.com and www.octoberguitars.com.

Examples of Defendant's Unauthorized Products are attached hereto as Exhibit "**E**".

20.    Defendant is not an authorized retailer or distributor for any goods

bearing the Gibson Trademarks and has not acquired the goods from Gibson.

21.    Upon information and belief, notwithstanding the lack of authorization

from Gibson and the fact that said Defendant's Unauthorized Products otherwise are

not authorized to be sold utilizing the Gibson Trademarks, Defendant has made

repeated unauthorized use of the Gibson Trademarks in connection with said products,

as described below, with the intent to mislead and confuse consumers into believing

that said Defendant's Unauthorized Products are made directly by Gibson pursuant to

Gibson's strict quality control standards or that said Defendant's Unauthorized

Products are otherwise authorized or licensed by Gibson and with the intent of

misappropriating, for its own benefit, the tremendous goodwill built up by Gibson in

the Gibson Trademarks.  [*See* Exhibit "**E.**"]

22.    In particular, Defendant has improperly used the Gibson Trademarks in its

advertising and promotional materials for Defendant's Unauthorized Products on its

websites www.oktoberguitars.com and www.octoberguitars.com and otherwise has

falsely stated or implied that said Defendant's Unauthorized Products are made

directly by Gibson pursuant to Gibson's strict quality control standards or that its use of

the Gibson Trademarks is authorized or licensed by Gibson.

23.     Gibson is informed and believes, and thereon alleges that Defendant is or has been directly and indirectly advertising and selling Defendant's Unauthorized Products bearing the Gibson Trademarks on its websites www.oktoberguitars.com and www.octoberguitars.com.

24.     Upon information and belief, Defendant's aforementioned misuse of the Gibson Trademarks was done with the intent of deceiving or misleading customers into mistakenly believing that Defendant's Unauthorized Products were authorized Gibson products originating from Gibson or its related companies and otherwise misappropriating the goodwill built up by Gibson in the Gibson Trademarks and otherwise attracting and misdirecting consumers looking for genuine or authorized Gibson goods to Defendant's website.

25.     For about half a year now Gibson has been in communications with Defendant regarding its rights to various guitar shapes.  Notwithstanding Defendant's knowledge of Gibson's rights in and to its guitar shapes, Defendant launched the Defendant's Unauthorized Products.

26.     Defendant's misuse of the Gibson Trademarks was intended to cause, has caused, and is likely to continue to cause, consumer confusion, mistake or deception including the misleading of consumers into mistakenly believing that the Defendant's Unauthorized Products are made directly by Gibson pursuant to Gibson's strict quality

control standards or Gibson has authorized or licensed Defendant's use of the Gibson Trademarks for those products.

27.     Defendant's aforementioned misuse of the Gibson Trademarks is damaging to the reputation and goodwill of Gibson and the Gibson Trademarks.

28.     Upon information and belief, Defendant's aforesaid acts have caused and, unless enjoined, will continue to cause irreparable damage to Gibson and to the reputation of its valuable Gibson Trademarks.

29.     Gibson has no adequate remedy at law.

## COUNT I

### Trademark Infringement Under The United States Trademark Act (15 U.S.C. 1114 (1))

30.     Gibson repeats the allegations set forth in Paragraphs 1 through 29.

31.     Defendant's use of a reproduction, counterfeit, copy, or colorable imitation of the famous Gibson Trademarks, without Gibson's consent, in commerce in connection with the sale, offering for sale, distribution, or advertising of their products or services is likely to cause confusion, or to cause mistake, or to deceive the public, and thus constitutes trademark infringement pursuant to 15 U.S.C.§ 1114.

32.     The complained of acts constitute willful, deliberate and intentional infringement of Gibson's federally registered trademarks for the Gibson Trademarks in violation of section 32(1) of the Lanham Act (15 U.S.C. §1114(1)).

33.     Defendant's intentional and willful infringement of the Gibson Trademarks has caused, and will continue to cause, damage to Gibson and is causing irreparable harm to Gibson for which there is no adequate remedy at law.  Defendant is directly liable for these actions.

## COUNT II

### False Designation of Origin an Unfair Competition Under The United States Trademark Act (15 U.S.C. 1125(a))

34.     Gibson repeats the allegations set forth in Paragraphs 1 through 29.

35.     Defendant's use of the Gibson Trademarks, without Gibson's consent, in commerce to promote, market, or sell its products or services in direct competition with Gibson's products and services constitutes False Designation of Origin and Unfair Competition pursuant to 15 U.S.C. § 1125(a).  Defendant's use of the Gibson Trademarks is a false designation of origin, a false or misleading description of fact, and/or a false or misleading representation of fact, which is likely to cause confusion, or cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Gibson and/or as to the origin, sponsorship, or approval of Defendant's productions and commercial activities with Gibson.

36.     The complained of acts constitute willful, deliberate and intentional false designations of origin as to products made available by Defendant and unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)).

37.     Defendant's wrongful activities have caused—and unless enjoined by this Court—will continue to cause irreparable injury and other damages to Gibson's business and reputation, and will continue to cause damage to the goodwill it has developed in the Gibson Trademarks.  Gibson has no adequate remedy at law.

## COUNT III

### False Descriptions of Fact and Representations and False Advertising Under The United States Trademark Act (15 U.S.C. 1125(a))

38.     Gibson repeats the allegations set forth in Paragraphs 1 through 29.

39.     Defendant's use of the Gibson Trademarks, without Gibson's consent, in commercial advertising or promotion to promote, market, or sell its products or services in direct competition with Gibson's products and services constitutes False Description of Fact and Representation and False Adverting pursuant to 15 U.S.C. § 1125(a).  Defendant's use of the Gibson Trademarks in commercial advertising or promotion misrepresents the nature, characteristics, qualities, or geographic origin of its goods, services, or activities.

40.     The complained of acts constitute willful, deliberate and intentional false and misleading descriptions of fact, false and misleading representations of fact and false advertising in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)).

41.     Defendant's wrongful activities have caused−and unless enjoined by this Court−will continue to cause irreparable injury and other damages to Gibson's

business and reputation, and will continue to cause irreparable injury to the goodwill it has developed in the Gibson Trademarks.  Gibson has no adequate remedy at law.

## COUNT IV

### Trademark Dilution Under The United States Trademark Act
### (15 U.S.C. 1125(c))

42.   Gibson repeats the allegations set forth in Paragraphs 1 through 29.

43.   Defendant's unauthorized use of the famous Gibson Trademarks is likely to dilute and blur the distinctive quality of these marks and to tarnish the Gibson Trademarks.

44.   The complained of acts have diluted and damaged the distinctive quality of Gibson's famous Gibson Trademarks and constitute trademark dilution of the famous Gibson Trademarks in violation of Section 43(c) of the Lanham Act (15 U.S.C. §1125(c)).

45.   Upon information and belief, Defendant willfully intended to trade on Gibson's reputation and/or cause dilution and tarnishment of Gibson's famous Gibson Trademarks.

## COUNT V

### Trade Dress Infringement Under Federal Law

46.   Gibson repeats the allegations set forth in Paragraphs 1 through 29.

47.   Gibson has used in interstate commerce the inherently distinctive product designs in connection with the sale and marketing of its guitars. The Gibson designs

incorporated in the ES Body Shape Design®, Flying V Body Shape Design® and the Explorer Body Shape Design® Trademarks contain inherently distinctive, nonfunctional features that are protected under Section 43(a) of the Lanham Act (15 U.S.C. 1125(a)).  In addition, all of these design marks have acquired distinctiveness and signify Gibson as the manufacturer in the mind of the average consumer.

48.     Defendant's use of the infringing trade dress has confused and is likely to continue to cause confusion, or cause mistake, or deceive the consuming public into believing that Defendant's Unauthorized Products are authorized, sponsored or approved by Gibson.

## COUNT VI

### Common Law Trademark Infringement And Unfair Competition

49.     Gibson repeats the allegations set forth in Paragraphs 1 through 29.

50.     The complained of acts constitute trademark infringement, palming off, and unfair competition in violation of the common law of the State of California.

## COUNT VII

### Unfair Competition Under
### California Business and Professions Code (Section 17200)

51.     Gibson repeats the allegations set forth in Paragraphs 1 through 29.

52.     The complained of acts constitute unlawful acts of unfair competition and unlawful, unfair and fraudulent business practices in violation of section 17200, *et seq.* of the California Business and Professions code.

## COUNT VIII

### Accounting
### Common Law

53.     Gibson repeats the allegations set forth in Paragraphs 1 through 29.

54.     Defendant's activities, as alleged above, have violated Gibson's rights in the Gibson Trademarks under common law.

55.     As a direct result of the infringing activities, Defendant has been unjustly enriched through fraudulent conversion of Gibson's goodwill and rights in its trademarks into their own profits through the sale of infringing products and has caused Gibson to lose sales of its genuine goods and services.

56.     As a direct result of Defendant's misconduct, it has received substantial profits, to which Gibson is entitled under common law.

57.     The amount of said profits is unknown to Gibson and cannot be ascertained without an accounting.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Gibson Brands, Inc. prays for judgment as follows:

1.     That judgment be entered in favor of Gibson on all causes of action set forth herein.

2.     That in accordance with Section 35 of the Lanham Act (15 U.S.C. §1117), Gibson be awarded monetary damages sufficient to recover: (1) Defendant's profits on Defendant's Unauthorized Products; (2) all damage suffered by Gibson; and (3) the

costs of this action and that said amount be trebled or otherwise multiplied to the extent permitted by statute.

3.      That Gibson be awarded such other monetary damages, recovery and awards as appropriate under the law.

4.      That Defendant's conduct violates the provisions of the California Business & Professions code sections 17200-17210 and constitutes trademark infringement and unfair competition under the common law of the State of California.

5.      That Defendant, its officers, directors, principals, agents, servants, affiliates, employees, attorneys, representatives, successors and assigns, and all those in privy or acting in concert or participation with Defendant, and each and all of them, be preliminarily and permanently enjoined and restricted from directly or indirectly:

(a)      claiming or representing that any products and/or services sold by Defendant are made directly by Gibson pursuant to Gibson's strict quality control standards or Gibson has authorized or licensed the use by Defendant of the Gibson Trademarks for those products;

(b)      using, in any manner, or holding itself out as having rights to use the Gibson Trademarks or any other name, mark or design confusingly similar to the Gibson Trademarks to designate, describe or refer to themselves or in conjunction with any product or service, including any use in conjunction with any Internet activities

conducted by it or on its behalf such as any use as a domain name or in the text, graphics and hypertext metatags of any Internet website;

(c)     requesting or inducing Internet search engines to display links to Defendant's website or other websites displaying or promoting Defendant's products or services when potential customers using those search engines search for terms containing variations of the Gibson Trademarks;

(d)     selling, offering for sale, promoting, advertising, distributing or providing or offering to provide any goods or services in conjunction with the Gibson Trademarks or any other name, mark or design confusingly similar to the Gibson Trademarks in conjunction with any product or service; and

(e)     engaging in any course of conduct likely to cause confusion, deception or mistake or injure Gibson's business reputation or dilute the Gibson Trademarks or appropriate the good will and reputation of said mark or lead to the passing off of Defendant's products and services as Gibson products and services.

6.     That the Court issue an Order directing Defendant to file with the Court and serve on Gibson, within thirty (30) days after the service on Defendant of such injunctions, a report in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction.

7.     That the Court award Gibson punitive damages sufficient to deter Defendant from committing such willful acts of infringement in the future.

8.      That the Court require a full and complete accounting of all monies received by Defendant as a result of the infringement.

9.      That Defendant be required to deliver to Gibson all merchandise, packaging, labels, boxes, cartons, advertising, brochures, documents, advertising and promotional materials and other things, possessed, used or distributed by Defendant, or on its behalf, which use the Gibson Trademarks or any other name, mark or design confusingly similar to the Gibson Trademarks.

10.     That Gibson be awarded the costs of this action and its disbursements, and reasonable attorneys' and investigatory fees incurred, and as otherwise appropriate herein, pursuant to 15 U.S.C. §1117 or other appropriate statute or law.

11.     For interest on all amounts found to be due to Gibson from Defendant, at the prevailing rate, from the date of said amounts or any part thereof became or becomes due.

12.     That the Court requires Defendant to notify its commercial associates, dealers, master distributors, suppliers and customers of this Order.

13.     That Gibson be granted such other monetary, equitable and further relief, as this Court may deem appropriate under federal, state and common law.

14.     That the Court retain jurisdiction of this action for the purpose of enabling Gibson to apply to the Court, at any time, for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any Order entered in

this action, for the modification of any such Order, for the enforcement or compliance

therewith and for the punishment of any violation thereof.

## **DEMAND FOR JURY TRIAL**

Gibson hereby demands a jury trial on all issues.

Respectfully submitted, this 4th day of May 2016.

BATES & BATES, LLC


 /s/ Andrea Bates
ANDREA E. BATES
California Bar No. 192491
KURT W. SCHUETTINGER
California Bar No. 295879
1890 Marietta Boulevard
Atlanta, Georgia 30318
(404) 228-7439
Attorneys for PLAINTIFF
GIBSON BRANDS, INC.