# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 16-3063 FMO (GJSx) | Date | **August 29, 2016** |
|---|---|---|---|

| Title | **Gibson Brands, Inc. v. George Anthony Leicht** |
|---|---|

Present: The Honorable    Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):           Attorney Present for Defendant(s):

None Present                            None Present

**Proceedings:**       **(In Chambers) Order to Show Cause Re: Personal Jurisdiction and Venue**

On May 4, 2016, plaintiff Gibson Brands, Inc. ("plaintiff") filed a Complaint against defendant George Anthony Leicht ("defendant") alleging: (1) trademark infringement, 15 U.S.C. § 1114; (2) unfair competition, 15 U.S.C. § 1125(a); (3) false advertising, 15 U.S.C. § 1125(a); (4) trademark dilution, 15 U.S.C. § 1125(c); (5) trade dress infringement, 15 U.S.C. § 1125(a); (6) common and statutory law trademark infringement; and (7) common and statutory law unfair competition. (See Dkt. 1, Complaint at ¶¶ 30-57). Plaintiff alleges that the court has subject matter jurisdiction because this case arises out of a violation of federal law. (See id. at ¶ 6). Plaintiff alleges that venue is proper because "Defendant is subject to personal jurisdiction in this District and a substantial part of the events giving rise to these claims occurred" here. (Id. at ¶ 8).

A defendant may be subject to either general or specific personal jurisdiction. See Daimler AG v. Bauman, 134 S.Ct. 746, 754 (2014). General jurisdiction applies when a defendant's contacts with the forum state are "so continuous and systematic as to render it essentially at home" there. Id. at 761 (quotation and alteration marks omitted). Specific jurisdiction applies when the cause of action "is related to or 'arises out of' a defendant's contacts with the forum" state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984). Specific jurisdiction does not apply unless a defendant commits an act by which it "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). The defendant must have sufficient "minimum contacts" with the forum state "such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 & 297 (1980). The court's analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Walden v. Fiore, 134 S.Ct. 1115, 1122 (2014). "[T]he plaintiff cannot be the only link between the defendant and the forum." Id.

Plaintiff generally alleges that "Defendant has purposefully availed himself of the opportunity to conduct commercial activities in this forum, and this Complaint arises out of those activities." (See Dkt. 1, Complaint at ¶ 8). Plaintiff further alleges that "Defendant maintains continuous and systematic contacts with the forum[.]" (Id.). However, plaintiff does not allege any

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 16-3063 FMO (GJSx)** | Date | **August 29, 2016** |
|---|---|---|---|
| Title | **Gibson Brands, Inc. v. George Anthony Leicht** | | |

specific contacts between defendant and the state of California, nor does plaintiff allege how its causes of action arise out of or relate to those contacts.  (See, generally, Dkt. 1, Complaint). Plaintiff also does not allege any facts showing that the events giving rise to this litigation occurred in this District.  (See, generally, id.).

Accordingly, IT IS ORDERED that no later than **September 2, 2016**, plaintiff shall show cause in writing why this action should not be dismissed for lack of personal jurisdiction or transferred for lack of proper venue.  **Failure to respond to this order to show cause by the deadline set forth above shall be deemed as consent to either: (1) the dismissal of the action without prejudice for lack of personal jurisdiction and/or failure to comply with a court order; or (2) transfer of the instant action to the appropriate venue**.

Initials of Preparer _____vdr_____